SPORTSWEAR INTERNATIONAL LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-9-01261

Before BOE, *Judge.*

(Decided December 22, 1982)

*Barnes, Richardson & Colburn (Rufus E. Jarman, Jr.,* at the trial, *Sandra Liss* at the trial and on the brief) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General, (*Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch and *Deborah E. Rand,* at the trial and on the brief) for the defendant.

BOE, *Judge:* In the trial of the above-entitled action the sole issue presented for determination by this court is whether two belt loops affixed to the front waistband of women's denim slacks cause the garment to be ornamented wearing apparel.

Upon importation and liquidation the subject merchandise was classified under item 382.0085 TSUS, which provides:

Women's, girls' or infants' lace or net
wearing apparel, whether or not or-
namented, and other women's, girls',
or infants' wearing apparel, orna-
mented:
 Of cotton:
 Not knit:

\* \* \* \* \* \*

 Trousers and slacks:
 Women's ..................................... 35% ad val.

The plaintiff claims that the subject merchandise is properly classified as non-ornamented wearing apparel under item 382.3347, TSUS, which provides:

Other women's, girls', or infants' wear-
ing apparel, not ornamented:
 Of cotton:
 Not knit:
 Other:

\* \* \* \* \* \*

 Trousers and slacks:
 Denim, including brush
denim:
 Women's............................. 16.5% ad
 val.

From the evidence presented at the trial in the instant action the following facts are established:

(1) A belt is worn with pants or slacks (a) for the purpose of holding up the pants or slacks or (b) to serve as an ornament.

(2) The function of belt loops on the waistband of pants or slacks is to hold the belt in place.

(3) The elasticized back of the waistband of the subject merchandise holds the garment in place on the wearer without the need of a belt.

The court is unable to conclude that the two loops attached to the front portion of the waistband of the garment in question are functional in character, as contended by the plaintiff. The subject merchandise has been manufactured with an elasticized waistband designed for the express purpose of causing the jeans in question to closely fit the waistline of the wearer. A functional "capability" of

belt loops on the subject merchandise to support a belt for the purpose of holding up a garment clearly, from all of the evidence adduced, is neither needed nor intended.

Plaintiff's witness, Leonard Jarva,[1] when asked the reason for affixing belt loops to the waistband, testified:

"It gives people the option to wear a belt or not wear a belt as they see fit." R. 41.

In answer to the question as to whether "two front belt loops [would be] sufficient to enable a wearer to wear a belt with a garment" the witness answered:

"In most cases, yes." R. 42.

The plaintiff therefore contends that the loops are functional in character because of their capability to hold the belt in place when it might be worn as an ornament. Mr. Jarva's opinion that two loops in the front of the subject merchandise would hold a belt in place "in most cases" is contradicted by the credible evidence of defendant's witness, Charles Contreri.[2] In response to the interrogation by the court as to whether the two belt loops would hold the belt in place, when it was worn as an ornamental article, the witness replied:

"[They] would hold it in place in the front but it wouldn't stay in the back." R. 65.

In evaluating the functional capability of the two belt loops on the front of the subject merchandise in connection with his experience and expertise in designing women's garments, the witness testified:

"If I were designing it and making that particular garment, I would never [use only two loops], with the intent of using a belt even as an ornament, because it would never stay." R. 65.

This court is mindful of the test determining "functionality" enunciated by our appellate court in *Ferriswheel* v. *United States,* 68 CCPA 21, C.A.D. 1260, 644 F.2d 865 (1981):

"It is functional capability, together with the appropriateness of that function to the garment, which determines whether or not it is functional."

In the instant action the two belt loops on the subject merchandise have not been shown "capable" of holding a belt in place either for the purpose of holding up the garment or for the purpose of holding it (the belt) in place when worn as an ornament. On the contrary, the evidence supports the finding that the purpose of the two belt loops is to simulate the appearance of jeans on which a belt is required or may be worn.[3]

---

[1] Former General Merchandise Manager of K-Mart Apparel Corporation.

[2] Associate professor at the Fashion Institute of Technology and Design in New York and a designer of women's clothes.

[3] Testimony of Defendant's witness, Charles Contreri, R. 57.

The presumption of correctness attached to the classification of the subject merchandise by the District Director of Customs has not been overcome. The court, therefore, concludes that the plaintiff has not sustained its dual burden of proof in establishing (1) that the classification of the subject merchandise as made by the District Director of Customs is in error and (2) that the subject merchandise should be properly classified under item 382.3347, TSUS, as non-ornamented wearing apparel. *United States* v. *New York Merchandise, Inc.,* 58 CCPA 53, C.A.D. 1004, 435 F.2d 1315 (1970).

Accordingly, judgment herein must be entered for the defendant and the above-entitled action, dismissed.